**Ex parte Charles Eugene MARTELL,
Appellant.**

No. 04–94–00410–CR.

Court of Appeals of Texas,
San Antonio.

June 14, 1995.

Rehearing Overruled July 5, 1995.

George Scharmen, San Antonio, for appellant.

Anton Hackebiel, Dist. Atty., Uvalde, for appellee.

Before STONE, GREEN and DUNCAN, JJ.

PER CURIAM.

The trial court convicted appellant of felony driving while intoxicated upon his plea of guilty. The court assessed punishment at four years confinement, probated for four years, in accordance with a plea bargain agreement. Appellant later filed a petition for writ of habeas corpus, alleging that he received ineffective assistance of counsel at trial and that the evidence is insufficient to support his conviction. This writ was not made returnable to the court of criminal appeals under article 11.07 because appellant's conviction is not final. *See Ex parte Brown,* 662 S.W.2d 3, 4 (Tex.Crim.App.1983) (conviction is not final while accused is serving probated felony sentence); *Ex parte Payne,* 618 S.W.2d 380, 381 (Tex.Crim.App. 1981) (same). Thus, he properly pursued habeas relief in the court of conviction. *See Ex parte Twyman,* 716 S.W.2d 951, 952 (Tex. Crim.App.1986).

■ There is no appeal from the refusal to issue or grant a writ of habeas corpus. *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim.App.1991); *Ex parte Noe*, 646 S.W.2d 230, 231 (Tex.Crim.App.1983). However, "[w]hen a hearing is held on the merits of an applicant's claim and the court subsequently rules on the merits of that claim, the losing party may appeal." *Ex parte Hargett*, 819 S.W.2d at 868.

■ The trial court in the present case did not grant appellant's application for writ of habeas corpus and did not hold a hearing or purport to rule on the merits of appellant's claims. The order from which appellant appeals states that the application for writ of habeas corpus is denied and that the court finds the application frivolous. This is a determination that there is not even sufficient cause to issue the writ, which must be distinguished from a determination that there is not sufficient cause to grant the relief requested. *See Ex parte Hargett*, 819 S.W.2d at 868. Appeal lies only from the latter.

At oral argument, counsel for appellant expressed some confusion regarding when an appeal may be taken following a trial court's ruling on a petition for habeas corpus. Counsel cited *Rabago v. State*, No. 04–93–00473–CR (Tex.App.—San Antonio November 30, 1993, no pet.), and *Sparks v. State*, No. 04–94–00171–CR (Tex.App.—San Antonio September 21, 1994, pet. ref'd), as examples of cases that he asserts this court has treated inconsistently.

*Sparks* is indistinguishable from the present case in that the trial court refused to hold a hearing or rule on the merits, but rather denied appellant's application for writ of habeas corpus as frivolous. We dismissed the appeal for lack of jurisdiction and the court of criminal appeals refused appellant's petition for discretionary review.

*Rabago* presents a somewhat confused appeal. Appellant in that case filed a motion to reduce bond, which the trial court denied. Rather than appealing that denial, *see Primrose v. State*, 725 S.W.2d 254, 256 n. 3 (Tex. Crim.App.1987); *Clark v. Barr*, 827 S.W.2d 556, 557 (Tex.App.—Houston [1st Dist.] 1992, orig. proceeding), appellant filed a petition for writ of habeas corpus requesting that the trial court set reasonable bond. Appellant attached the motion to reduce bond and the statement of facts from the hearing on that motion as exhibits to the petition for writ of habeas corpus. All of these documents were presented to the judge who originally ruled on the motion to reduce bond. That judge then denied the application for writ of habeas corpus, referring back in a note to the ruling on the bond reduction.

The application for writ of habeas corpus in *Rabago* was wholly dependent on the proof offered on the motion to reduce bond. Indeed, in his sole point of error before this court, appellant complained of the trial court's denial of the bond reduction. In the unique circumstances of that case, the ruling on the merits of the motion to reduce was reflected in the ruling on the application for writ of habeas corpus. Thus, this court apparently determined that appellant had made a sufficient showing that the trial court actually heard the merits of his application and denied the requested relief.

*Rabago* and *Sparks* do not show that this court has treated appeals from applications for writs of habeas corpus inconsistently. *Rabago* is distinguishable on the facts from the present case. *Sparks*, on the other hand, is directly on point. As in *Sparks*, appellant has failed to demonstrate that he has properly invoked the jurisdiction of this court.

Counsel in the present case also asserted at oral argument that appeal should lie in the present case because the trial court ruled on the merits and made findings of fact and conclusions of law thereon. These assertions are not supported by the record. The trial court recited in its order that appellant was represented by retained counsel, was convicted upon his plea of guilty, and is legally serving a probated sentence. The court then concluded that there were no matters of fact to be determined and that the application should be denied as frivolous. As noted above, this is a determination that the application did not even merit granting the writ or a hearing thereon. No appeal lies from this determination. *See Ex parte Hargett*, 819 S.W.2d at 868.

Further, the merits of appellant's petition revolve around his assertions that (1) his trial counsel was ineffective for failing to discover that the DWI offense occurred on a private road and (2) the evidence is insufficient to support his guilty plea. Nowhere in the trial court's order does the court even mention ineffective assistance of counsel, the "private property" defense, or the sufficiency of the evidence. We simply cannot construe the order as determining the merits of the application.

Counsel next argued that the trial court must have ruled on the merits because the trial court ordered that the record be transmitted to the court of appeals. Actually, the court ordered that appellant's "Application for Writ of Habeas Corpus" be transmitted to this court. This action does not constitute a ruling on the merits of the application or even insinuate that the court ruled on the merits. At most, it indicates some confusion as to the procedure to be followed in a post-conviction writ that is not addressed to the court of criminal appeals. We note that the trial court appears to have followed the procedure outlined in article 11.07, which governs post-conviction writs of habeas corpus in final felony convictions. The court determined that there were no issues of fact to be determined, see TEX.CODE CRIM.PROC.ANN. art. 11.07, § 2(c) (Vernon Supp.1995) (court shall determine "whether there are controverted, previously unresolved facts material to the legality of the applicant's confinement"), and then ordered that the petition be transmitted to this court, see TEX.CODE CRIM. PROC.ANN. art. 11.07, § 2(c) (Vernon Supp. 1995) (the court shall "immediately transmit to the Court of Criminal Appeals a copy of the petition ...."). This procedure does not demonstrate that the trial court ruled on the merits.

We also reject the contention that ordering the petition transmitted to this court evinces the trial court's "intent" that we review its ruling on appeal. At the time of the court's order, appellant had not given any notice of appeal. The trial court cannot initiate an appeal, nor can it confer jurisdiction on this court where none exists by law.

Counsel also argued that the trial court had all the information it needed before it to rule on the merits of the application without holding a hearing thereon. Attached to the petition for writ of habeas corpus are copies of the judgment of conviction, appellant's affidavit, a police report, the affidavit of the owner of the road on which the DWI was committed, the indictment, and the statement of facts from appellant's plea proceeding. However, at oral argument, counsel conceded that the record may not be sufficient to demonstrate ineffective assistance of counsel and requested that we remand for an evidentiary hearing.[1]

This failure of proof illustrates why this court lacks jurisdiction over a trial court's denial of a writ of habeas corpus as opposed to a denial of relief. Granting a writ of habeas corpus and setting the merits for hearing affords all parties the opportunity to build a full and complete record for appeal. Mere denial of the application for writ, or refusal to issue the writ, however, does not afford this opportunity and leaves the appellate court with little or nothing to review.[2] The fact that the record in the present case is not sufficient to enable review of the merits of appellant's application is simply further evidence that the trial court did not purport to rule on the merits.

Counsel also complained at oral argument that if he could not appeal from the denial of the writ he would have to go to another district court, perhaps in an adjacent county, to present the writ. Counsel is cor-

---

1. Counsel erroneously stated that it was the burden of the State or appellant's trial attorney to appear and present evidence showing that appellant did receive effective assistance of counsel. The burden of proving ineffective assistance of counsel by a preponderance of the evidence rests upon the convicted defendant. *Moore v. State,* 694 S.W.2d 528, 531 (Tex.Crim.App.1985).

2. Again, *Rabago* is distinguishable because appellant was able to provide a complete record by incorporating the record from his prior motion to reduce bond. That record included a statement of facts from a hearing on the merits of the motion to reduce. In the present case, there is no statement of facts from any hearing on the merits of appellant's claim of ineffective assistance of counsel.

rect. The court of criminal appeals has specifically held that if the trial court refuses to issue the writ of habeas corpus or denies a hearing on the merits, the applicant's remedy is "to present the application to another district judge having jurisdiction, or under proper circumstances, to pursue a writ of mandamus." *Ex parte Hargett,* 819 S.W.2d at 868.

Finally, counsel alluded to some difficulty in obtaining a properly worded order because of different practices in different counties. However, if the trial court rules on the merits of an application for writ of habeas corpus and denies the requested relief, we do not believe that it is an onerous burden to require appellant to obtain an order accurately reflecting that ruling. In many counties, appellant's own counsel may draft the order containing appropriate language (i.e., "after consideration of the merits of the petition for writ of habeas corpus, it is ordered that the requested relief is denied") and present it to the judge for signature. In those counties in which the court or the State drafts the order, appellant may obtain a nunc pro tunc order if the original does not accurately reflect the court's ruling.

Because the trial court did not issue or grant the writ and did not purport to rule on the merits of appellant's claims, this court lacks jurisdiction over the present appeal.

The appeal is dismissed for lack of jurisdiction.