6-96-028-CV Long Trusts v. Dowd 



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00123-CV
______________________________



IN RE:
SHELLY KASANDRA SHAW





                                                                                                                                            
                 
Original Mandamus Proceeding





                                                                                                                                            
                                           


Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross



O P I N I O N

          Shelly Kasandra Shaw has filed a petition asking us, alternatively, to issue a writ of
habeas corpus or a writ of mandamus in connection with her effort to obtain a pretrial ruling
on her claim that the statute under which she is being prosecuted is unconstitutional. 
Shaw is being prosecuted under Tex. Pen. Code Ann. § 21.12 (Vernon Supp. 2004–2005). 
That article provides an additional penalty for what the caption describes as an "Improper
Relationship Between Educator and Student." The statute itself does not refer to
educators, however, but provides penalties for sexual contact between an "employee" of
the school district and a student. 
Habeas Corpus
          We first address Shaw's request that we issue a writ of habeas corpus and hear the
writ application originally in this Court. Our jurisdiction to issue writs of habeas corpus is
limited. Ex parte Hawkins, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig.
proceeding). It extends to situations where a person is restrained of his or her liberty "by
virtue of an order, process, or commitment issued by a court or judge because of the
violation of an order, judgment, or decree . . . made, rendered, or entered . . . in a civil
case." Tex. Gov't Code Ann. § 22.221(d) (Vernon 2004). This case does not fall within
those requirements, and that request for relief is denied.
Mandamus
          Mandamus issues only when the mandamus record establishes (1) a clear abuse
of discretion or the violation of a duty imposed by law (which is often described as a
"ministerial" act), and (2) the absence of a clear and adequate remedy at law. Cantu v.
Longoria, 878 S.W.2d 131, 132 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839–40
(Tex. 1992); De Leon v. Aguilar, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004).


 This Court will
thus grant mandamus relief if Shaw can demonstrate that the act sought to be compelled
is purely "ministerial" and that she has no adequate legal remedy. See Rosenthal, 98
S.W.3d at 198. Such a remedy is not inadequate merely because it may involve more
expense or delay than obtaining an extraordinary writ. Walker, 827 S.W.2d at 842;
De Leon, 127 S.W.3d at 6. 
Availability of an Appeal
          There is no appeal from the refusal to issue or grant a writ of habeas corpus. 
Ex parte Hargett, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991). It is apparent from the
record that the writ itself, which requires the body of the person to be brought before the
court, was granted. Price v. Johnston, 334 U.S. 266, 283 (1948) ("[t]he historic and great
usage of the writ, regardless of its particular form, is to produce the body of a person
before a court for whatever purpose might be essential to the proper disposition of a
cause"). We note that the record of the proceeding does not explicitly state that Shaw was
present, but we also recognize that Article 28.01 of the Texas Code of Criminal Procedure
requires an accused to be present during any "pre-trial proceeding." Tex. Code Crim.
Proc. Ann. art. 28.01 (Vernon 1989); see Sanchez v. State, 122 S.W.3d 347, 351 (Tex.
App.—Texarkana 2003, pet. ref'd). In the absence of some indication in the record to the
contrary, we will assume that the proper procedures were followed.
          That is only the first step of the process, however. After the writ is granted, the next
step for the trial court is to determine whether the defendant is entitled to relief. When the
court makes a decision on the merits of the claim, the losing party may appeal. Hargett,
819 S.W.2d at 868. Thus, a court of appeals lacks jurisdiction over a trial court's denial of
a writ of habeas corpus as opposed to a denial of relief. Ex parte Martell, 901 S.W.2d 754,
755 (Tex. App.—San Antonio 1995, orig. proceeding).
          In this case, in a convoluted sequence of events, it is apparent the trial court
directed that the body of the person be brought before it, thus the writ was issued. The
question, then, is whether the court ruled on the request for relief. As the proceedings
commenced, the court initially stated that it had looked at the allegations and that "the
Court is going to deny that." The State immediately asked the court to go off the record,
but before doing so, the court stated it was denying "you having a hearing today, because
I've looked it over, and I just don't see any merit to it at this point." Shaw's counsel then
attempted to confirm that the court was not denying his motion—only denying having a
hearing. An off-the-record discussion ensued. Afterward, the State made two
presentations in which the prosecutor set out what he understood the court intended to do
(and defense counsel responded). The court ultimately stated that "the Court will not grant
a hearing and withdraw my Order that we were going to have a hearing." 
          A trial court's ruling is appealable only when the trial court issues the writ and then
rules on the merits of the questions presented at the hearing and denies the relief sought. 
Ex parte McCullough, 966 S.W.2d 529, 532 (Tex. Crim. App. 1998); Ex parte Walker, 813
S.W.2d 570, 571 (Tex. App.—Corpus Christi 1991, pet. ref'd). The trial court did issue the
writ and produced the body. It is not clear, however, that it ruled on the merits of the claim. 
Both parties are addressing this proceeding based on their fundamental understanding that
the court did not, in fact, rule on the merits.


 Their understanding is supported by the
absence in the record before us of a written order by the trial court. We therefore accept
that position and conclude the court did not rule that it was granting or denying relief, and
thus we now move to the question of whether mandamus is available to require the court
to rule on the merits of Shaw's claim.
On the Merits
          A trial court is required to consider and rule on a motion within a reasonable time. 
Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig.
proceeding); Kissam v. Williamson, 545 S.W.2d 265, 266–67 (Tex. Civ. App.—Tyler 1976,
orig. proceeding). When a motion is properly filed and pending before a trial court,
considering and ruling on that motion is a ministerial act, and mandamus may issue to
compel the trial court to act. In re Kleven, 100 S.W.3d 643, 644 (Tex. App.—Texarkana
2003, orig. proceeding); Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.
App.—San Antonio 1997, orig. proceeding); see also Eli Lilly & Co. v. Marshall, 829
S.W.2d 157, 158 (Tex. 1992) (holding trial court abused its discretion by refusing to
conduct hearing and render decision on motion); Chiles v. Schuble, 788 S.W.2d 205, 207
(Tex. App.—Houston [14th Dist.] 1990, orig. proceeding) (finding mandamus appropriate
to require trial court to hold hearing and exercise discretion). While we have jurisdiction
to direct the trial court to make a decision, we may not tell the court what that decision
should be. Crofts v. Court of Civil Appeals, 362 S.W.2d 101 (Tex. 1962); State ex rel. Hill
v. Court of Appeals for Fifth Dist., 34 S.W.3d 924, 927 n.3 (Tex. Crim. App. 2001);
O'Donniley v. Golden, 860 S.W.2d 267, 269–70 (Tex. App.—Tyler 1993, orig. proceeding).
          The issue in this case is the question of the constitutionality of the statute under
which Shaw is being prosecuted. A long series of cases have held consistently—in the
context of an appeal from the denial of relief—that a pretrial habeas proceeding claiming
that the prosecution is proceeding under a statute that is unconstitutional on its face is an
appropriate procedure to address the question. Ex parte Weise, 55 S.W.3d 617, 620 (Tex.
Crim. App. 2001).


 The courts have not held that pretrial habeas is the only method that
may be used to address the issue. That is not, however, the question before us. Our
problem is somewhat simpler: was the trial court required to rule on the motion before it. 
For several reasons, we conclude that it was.
          First, the cases cited above all support the general concept that a party is entitled
to have a ruling on its motions at an appropriate time for the type of pretrial proceeding
involved. See In re Greenwell, 160 S.W.3d 286, 288 (Tex. App.—Texarkana 2005, orig.
proceeding) (party entitled to ruling on pretrial motion rather than being required to wait
until trial). 
          Second, there are policy reasons that support such a requirement in this particular
context. 
          We recognize that this issue could have been raised at trial or by a motion to quash
the indictment, and could be raised before this Court on appeal. The availability of a
possible alternative method for the defendant to ultimately obtain review, however, does
not mean the trial court can properly avoid the issue set out by the defendant to that end. 
          This concept was recently examined by the Texas Court of Criminal Appeals in
Greenwell v. Court of Appeals for Thirteenth Judicial Dist., 159 S.W.3d 645, 648–49 (Tex.
Crim. App. 2005). The court recognized that "potential review at a later time is not always
or automatically an adequate remedy: 'In some cases, a remedy at law may technically
exist; however, it may nevertheless be so uncertain, tedious, burdensome, slow,
inconvenient, inappropriate, or ineffective as to be deemed inadequate.'" As examples of
occasions when mandamus should be available, the court pointed to situations where a
court had removed appointed counsel before trial, and pretrial habeas where some types
of double jeopardy claims were raised—because the protection of the constitutional right
required review before exposure to double jeopardy occurred. Id. at 649.
          In this case, to unnecessarily expose Shaw to trial before determining whether the
statute criminalizing her behavior would pass constitutional muster has the potential to be
wasteful both of the resources, time, and effort of the court and the State, as well as those
of the defendant herself. 
          Third, this was an application for writ of habeas corpus. This proceeding has been
a foundational protection in the republic since the inception of this country. U.S. Const.
art. I, § 9, cl. 2.


 To allow a court to avoid any review of its action on a habeas proceeding
by granting the writ, but then declining to rule on the merits of the proceeding, is not
consistent with those protections.
          For all the reasons stated above, the petition for writ of mandamus is conditionally
granted. The writ will issue only if the trial court fails to take appropriate action in
accordance with this opinion. Subject to the court taking such action, the order issued by
this Court October 5, 2005, staying the proceedings in the case styled State of Texas v.
Shaw, cause number 05,18,176, in the Eighth Judicial District Court of Hopkins County,
Texas, is hereby dissolved.


                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      October 27, 2005
Date Decided:        October 28, 2005