

**NUMBER 13-08-00271-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## EX PARTE: KIRK WAYNE MCBRIDE, SR.

### On appeal from the 156th District Court
### of Bee County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Benavides
### Memorandum Opinion by Chief Justice Valdez

Appellant, Kirk Wayne McBride, Sr., appeals the trial court's dismissal of his "Petition for Writ of Habeas Corpus." In two issues, McBride contends that the trial court erred by: (1) dismissing his petition under chapter 14 of the Texas Civil Practices and Remedies Code; and (2) ordering him to pay court costs pursuant to section 14.006 of the Texas Civil Practices and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014 (Vernon 2002). We affirm.

# I. BACKGROUND

On September 24, 2007, McBride, proceeding pro se and in forma pauperis, filed a petition entitled "Petition for Writ of Habeas Corpus," in the 156th District Court of Bee County.[1] The petition alleged that McBride "was deprived of his [Fourteenth Amendment] constitutional rights to [d]ue [p]rocess" when Texas Department of Criminal Justice officials charged him with a disciplinary offense and, after holding a hearing, found him guilty of that offense. McBride sought relief from the trial court.

Upon receipt of McBride's petition, the trial court issued an order requesting an amicus curiae from the Office of the Attorney General regarding whether McBride had complied with the requirements of chapter 14 of the civil practice and remedies code. The trial court also sent the attorney general a list of documents, required by chapter 14, that McBride had failed to submit. Additionally, pursuant to chapter 14, the trial court issued a supplemental order assessing costs for filing fees.

Upon learning of the court's intention to apply chapter 14 to his petition, McBride sent a letter to the court requesting a hearing on his petition for writ of habeas corpus. In response, the trial court sent McBride a letter stating that it viewed the petition as "litigation covered by chapter 14 of the civil practice and remedies code," and that if McBride intended the petition to be a "Post Conviction Writ of Habeas Corpus," he had filed it "in the wrong county." Subsequently, McBride filed petitions for writ of mandamus in this Court and the court of criminal appeals; neither was granted.

---

[1] On appeal, McBride states that he filed his "Affidavit and/or Unsworn Declaration of Inability to Pay Costs," on December 12, 2007 in response to an amicus curiae pleading filed by the Office of the Attorney General. However, there is no indication that such affidavit was filed on December 12, 2007; instead, the affidavit appears with McBride's "Petition for Writ of Habeas Corpus," which is file-stamped September 24, 2007.

In response to the trial court's order requesting amicus curiae, the Attorney General filed a reply suggesting that McBride's claim be dismissed because it lacked an arguable basis in the law, and McBride had failed to comply with chapter 14. McBride filed a response and objections, accompanied by an affidavit of previous filings in which he listed fourteen lawsuits he had previously filed, and an affidavit explaining why he had failed to exhaust his administrative remedies. Following a telephone hearing, the trial court issued a final order stating:

> Inasmuch as McBride seeks habeas relief from a defective disciplinary hearing, this Court lacks jurisdiction. In the alternative, McBride's suit fails to comply with the requirements of [c]hapter 14 of the Texas Civil Practices and Remedies Code. It is hereby Ordered, Adjudged, and Decreed that this cause of action be dismissed in its entirety.

This appeal ensued.

## II. CHAPTER 14 OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE

### A. Applicable Law and Standard of Review

"Prison inmates who file suits in Texas state courts pro se and who seek to proceed in forma pauperis must comply with numerous procedural requirements set forth in [c]hapter 14 of the Code." *Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.–San Antonio 2002, pet. denied); *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014. Chapter 14 was enacted to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates because these suits consume valuable judicial resources with little offsetting benefits. *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.–Corpus Christi 2001, pet. denied). When an inmate files a lawsuit and an affidavit of inability to pay costs, the suit may be dismissed under chapter 14 if the court finds the lawsuit is frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002. In determining whether a claim

3

is frivolous or malicious, the court may consider whether it has no arguable basis in law. *Id.* § 14.003(b)(2).

We review the dismissal of a lawsuit brought by an inmate who has filed an affidavit or a declaration of inability to pay costs under an abuse of discretion standard. *Jackson v. Tex. Dep't of Criminal Justice-Inst. Div.*, 28 S.W.3d 811, 813 (Tex. App.–Corpus Christi 2000, pet. denied). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Id.* In order to prove the trial court abused its discretion, McBride must show that the trial court's action was arbitrary or unreasonable in light of all the circumstances in the case. *Id.*

**B.    Analysis**

McBride contends that the trial court erred by applying chapter 14 and dismissing his "writ of habeas corpus." A trial court can review an application for writ of habeas corpus and deny the application for the writ on grounds that the application is frivolous. *See Ex parte Martell*, 901 S.W.2d 754, 755 (Tex. App.–San Antonio 1995, no pet.) (citing *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991)). Texas courts have applied chapter 14 and its predecessor where an inmate's application for habeas corpus relief is filed with an affidavit of inability to pay costs. *See Ex parte Benavides*, 801 S.W.2d 535, 536-37 (Tex. App.–Houston [1st Dist.] 1990, writ dism'd w.o.j.) (applying chapter 14's predecessor and dismissing inmate's writ of habeas corpus as frivolous); *see also Washington v. Johnson*, No. 14-99-01426-CV, 2001 Tex. App. LEXIS 2886, at **3-4 (Tex. App.–Houston [14th Dist.] May 3, 2001, no pet.) (per curiam) (applying chapter 14 and affirming dismissal of inmate's writ of habeas corpus).

Moreover, it is the substance of the motion that governs, not the title. *See Ex parte*

*Cardwell*, 58 S.W.3d 127, 130 (Tex. Crim. App. 2000). Here, McBride's "Petition for Writ of Habeas Corpus" was filed with a request to proceed in forma pauperis. Writs of habeas corpus do not require affidavits of inability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 11.051 (Vernon 2005) (prohibiting court clerks from requiring a filing fee for habeas applications). Additionally, an inmate who wishes to challenge a disciplinary conviction or punishment received while incarcerated must file a habeas corpus action in federal court. *See Ex parte Brager*, 704 S.W.2d 46, 46 (Tex. Crim App. 1986) (en banc) (concluding that state courts will not entertain state habeas actions challenging violations of prison disciplinary procedures); *see also Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983); *see also McBride v. Texas Dep't of Criminal Justice-Corr. Inst. Div.*, No. 13-05-00328-CV, 2008 Tex. App. LEXIS 1903, at \*\*3-4 (Tex. App.–Corpus Christi March 13, 2008, no pet.) (mem. op., not designated for publication). Accordingly, because the trial court lacked jurisdiction over a habeas action challenging disciplinary action against McBride, it did not err by considering the petition under chapter 14. In light of the foregoing, it was not unreasonable for the trial court to view McBride's petition as governed by chapter 14.

The trial court dismissed the cause because "McBride's suit fail[ed] to comply with the requirements of [c]hapter 14 of the Texas Civil Practices and Remedies Code." Because the trial court did not state the specific chapter 14 ground on which the dismissal was granted, McBride must show that each of the attorney general's arguments alleged in its amicus curiae is insufficient to support the dismissal. *Carson v. Walker*, 134 S.W.3d 300, 302 (Tex. App.–Amarillo 2003, pet. denied); *see also Newby v. Cunningham*, No. 13-07-00613-CV, 2009 Tex. App. LEXIS 1687, at \*6 (Tex. App.–Corpus Christi March 12, 2009, no pet.) (mem. op., not designated for publication). In its amicus curiae, the attorney

general asserts, inter alia, that McBride's claim had no arguable basis in law and was, therefore, frivolous.

In a previous action brought by McBride challenging a prison disciplinary conviction, we concluded that an inmate who wishes to challenge a disciplinary conviction or punishment received while incarcerated must file a habeas corpus action in federal court. *McBride*, 2008 Tex. App. LEXIS 1903, at **3-4. We held that, because McBride failed to file his claim in the correct court, "the claim ha[d] no arguable basis in the law," and therefore, "the trial court did not abuse its discretion when it dismissed [McBride]'s claim." *Id.* at *4. Accordingly, in the present case, we conclude that McBride's claim lacks an arguable basis in law. The trial court did not abuse its discretion in dismissing McBride's claim as frivolous under chapter 14. McBride's first issue is overruled.

### III. COURT COSTS

In his second issue, McBride contends that the order for payment of court costs is flawed and therefore violates his constitutional due process rights. The Texas Civil Practice and Remedies Code gives a trial court the discretion to enter an order for payment of court costs out of the inmate trust fund account. TEX. CIV. PRAC. & REM. CODE ANN. § 14.006. After determining that McBride had incurred $242.00 in court costs, the trial court ordered that he pay that amount out of his Inmate Trust Account as follows:

Pay an initial amount equal to the lesser of:

(1) 20% of the preceding six month's deposits in the Inmate Trust Account; or

(2) The total amount of fees

In each month following in which the initial payment is made above, [McBride] shall pay an amount equal to the lesser of:

6

(1) 10% of that month's deposit to the Inmate Trust Account; or

(2) the total amount of fees that remain unpaid.

Payments are to continue until the total amount certified is paid, or [McBride] is released from confinement.

The trial court's order follows sections 14.006(b), (c), and (d) of the civil practice and remedies code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.006(b), (c), (d). We hold the trial court did not abuse its discretion in ordering that McBride pay the court costs. Finding no flaw in the trial court's order for payment of costs, we conclude that McBride's due process rights were not violated because he was "afforded an appropriate level of process." *See Abdullah v. State*, 211 S.W.3d 938, 942 n.7 (Tex. App.–Texarkana 2007, no pet.). McBride's second issue is overruled.

## IV. CONCLUSION

Having overruled all of McBride's issues, we affirm the trial court's judgment.

ROGELIO VALDEZ
Chief Justice

Memorandum Opinion delivered and
filed this the 25th day of August, 2009.