

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00056-CR

_____


EX PARTE BILLY MAX COLLINS



On Appeal from the County Court
Hopkins County, Texas
Trial Court No. 5629-C



Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Billy Max Collins' appeal of the denial of his application for a writ of habeas corpus[1] has its origin in several previous convictions, the latest being in the Franklin County district court for felony driving while intoxicated (DWI). *See Collins v. State*, No. 06-13-00214-CR, 2014 WL 2447599, at *1 (Tex. App.—Texarkana May 30, 2014, pet. ref'd) (mem. op., not designated for publication). In his appeal from that conviction, Collins faulted his attorney for failing to challenge two prior convictions for DWI, including the 1990 conviction for misdemeanor DWI from Hopkins County challenged in this case. In our decision in his prior appeal, we held that there was no evidence in the record on that appeal establishing that the 1990 conviction was void, a necessary requirement for a collateral attack on a prior judgment. *Id.* at *4–5 (citing *Rhodes v. State*, 240 S.W.3d 882, 887 (Tex. Crim. App. 2007)). In his application for habeas relief filed in the County Court of Hopkins County, Collins alleged that there were irregularities in the form of the judgment, that he had no recollection of signing the waivers[2] on file in the case, that his plea was not voluntary, and that there was no counter-affidavit filed by the State.[3] The trial court, without holding a hearing, denied the application.

---

[1] Collins' pleading in the trial court was titled "Motion to Void Conviction 5629C." Since habeas corpus is the exclusive remedy with which to collaterally attack prior convictions, we construe his pleading to be an application for a writ of habeas corpus. *See State v. Guerrero*, 400 S.W.3d 576, 584 (Tex. Crim. App. 2013).

[2] The clerk's record contains a waiver of appointment of attorney and waiver of trial by jury, a waiver of ten days to prepare for trial, and a waiver of the right to file motion for new trial and the right to file a motion in arrest of judgment, all bearing the signature of "Max Collins." Collins' pleading below contains contradictory statements regarding the execution of the waivers. In his application, Collins does not contest that he signed these waivers, only that he has no recollection of signing them. In his sworn statement attached to his application, Collins alleges he did not sign a waiver of attorney.

[3] The State is not required to respond to an application for a writ of habeas corpus, and "matters alleged in the application that are not admitted by the State are considered denied." *Id.* at 583.

2

"A trial court's ruling [on an application for a writ of habeas corpus] is appealable only when the trial court issues the writ and then rules on the merits of the questions presented at the hearing and denies the relief sought." *In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding) (citing *Ex parte McCullough*, 966 S.W.2d 529, 532 (Tex. Crim. App. 1998)). However, "when a trial judge refuses to issue a writ or denies an applicant a hearing on the merits of his or her claims, there is no right to appeal." *Ex parte Villanueva*, 252 S.W.3d 391, 394 (Tex. Crim. App. 2008). In this case, the trial court did not grant a writ of habeas corpus, did not hold a hearing, and did not rule on the merits of Collins' claims. Since the trial court did not issue a writ and there was no hearing or ruling on the merits, we lack jurisdiction to hear this appeal. *See Shaw*, 175 S.W.3d at 903–04; *Ex parte Martell*, 901 S.W.2d 754, 755 (Tex. App.—San Antonio 1995, no pet.).

We dismiss this appeal for want of jurisdiction.


Josh R. Morriss III
Chief Justice

Date Submitted:     May 19, 2015
Date Decided:       July 24, 2015

Do Not Publish