# NO. 12-18-00255-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 369TH* |
|  | § | *JUDICIAL DISTRICT COURT* |
| *RUSTY LYNN CHAPMAN* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Rusty Lynn Chapman appeals following his pretrial application for writ of habeas corpus, which he filed after his arrest for indecency with a child. After a hearing on Appellant's application, the trial court entered an order reducing the amount of his bond from $500,000.00 to $150,000.00. In one issue, Appellant complains that there is no evidence in the record to support that there was probable cause for the issuance of an arrest warrant for him and, therefore, his continued detention is unlawful. We dismiss for want of jurisdiction.

## BACKGROUND

Appellant was arrested for indecency with a child on July 25, 2018. Thereafter, he filed an application for writ of habeas corpus, in which he argued that he was illegally confined because his arrest warrant was not supported by probable cause and the amount of his bond was excessive.

On September 14, 2018, the trial court conducted a hearing on Appellant's application. At the hearing, Appellant's counsel argued as follows:

> Your Honor, on the probable cause issue, we recognize that the affidavit alleged probable cause as to any number of different levels offenses, anywhere from a second degree felony, down to a misdemeanor offense of touching. I'll point out that there's no mention of the age of the alleged victim, other than "under 17;" there's no allegation as to any skin to skin contact; there's no allegation of any penetration or injury. The affidavit appears this is, at best, or worst, a one-time inappropriate touching. I'll call my client to testify as to his ability to make a bond.

At the conclusion of the hearing, the trial court ruled that the amount of Appellant's bond be reduced from $500,000.00 to $150,000.00. However, the trial court made no ruling with regard to whether Appellant's arrest warrant was supported by probable cause. That same day, the trial court signed a written order reducing Appellant's bond, and this appeal followed.

### JURISDICTION FROM APPEAL OF WRIT OF HABEAS CORPUS

In his sole issue, Appellant argues that there is no evidence in the record to support that there was probable cause for the issuance of an arrest warrant for him and, therefore, his continued detention is unlawful.

There is no appeal from the refusal to issue or grant a writ of habeas corpus. *Ex parte Martell*, 901 S.W.2d 754, 755 (Tex. App.–San Antonio 1995, no writ); *see also Ex parte Villanueva*, 262 S.W.3d 391, 395 (Tex. Crim. App. 2008); *Ex parte Noe*, 646 S.W.2d 230, 231 (Tex. Crim. App. 1983)). However, when a hearing is held on the merits of an applicant's claim and the court subsequently rules on the merits of that claim, the losing party may appeal. *See Ex parte Villanueva*, 262 S.W.3d at 395; *Ex parte Martell*, 901 S.W.2d at 755.

In the instant case, the trial court made no ruling on Appellant's application to the extent it was based on his argument that his arrest warrant affidavit lacked probable cause. Further, Appellant makes no argument in his appeal concerning the trial court's order reducing the amount of his bond. Therefore, because the trial court did not deny Appellant's application or purport to rule on the merits of his claim that forms the basis for this appeal, we lack jurisdiction over the matter. *See Ex parte Martell*, 901 S.W.2d at 757.

### DISPOSITION

Having determined that the trial court did not to rule on the merits of Appellant's application that forms the basis for his appeal, we ***dismiss*** the appeal ***for want of jurisdiction***.

GREG NEELEY
Justice

Opinion delivered December 12, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

DECEMBER 12, 2018

NO. 12-18-00255-CV

**EX PARTE: RUSTY LYNN CHAPMAN**

Appeal from the 369th District Court

of Anderson County, Texas (Tr.Ct.No. DCCV18-484-369)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*