**In re Shelly Kasandra SHAW.**

No. 06–05–00123–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Oct. 27, 2005.

Decided Oct. 28, 2005.

Phil N. Smith, Sulphur Springs, for relator.

Martin E. Braddy, Asst. Dist. Atty., Sulphur Springs, for real party in interest.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Shelly Kasandra Shaw has filed a petition asking us, alternatively, to issue a writ of habeas corpus or a writ of mandamus in connection with her effort to obtain a pretrial ruling on her claim that the statute under which she is being prosecuted is unconstitutional. Shaw is being prosecuted under TEX. PEN.CODE ANN. § 21.12 (Vernon Supp.2004–2005). That article provides an additional penalty for what the caption describes as an "Improper Relationship Between Educator and Student." The statute itself does not refer to educators, however, but provides penalties for

sexual contact between an "employee" of the school district and a student.

**Habeas Corpus**

■ We first address Shaw's request that we issue a writ of habeas corpus and hear the writ application originally in this Court. Our jurisdiction to issue writs of habeas corpus is limited. *Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex.App.-El Paso 1994, orig. proceeding). It extends to situations where a person is restrained of his or her liberty "by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree ... made, rendered, or entered ... in a civil case." TEX. GOV'T CODE ANN. § 22.221(d) (Vernon 2004). This case does not fall within those requirements, and that request for relief is denied.

**Mandamus**

■ Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law (which is often described as a "ministerial" act), and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex.1994); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992); *De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex.Crim.App. 2004).[1] This Court will thus grant mandamus relief if Shaw can demonstrate that the act sought to be compelled is purely "ministerial" and that she has no adequate legal remedy. *See Rosenthal*, 98 S.W.3d at 198. Such a remedy is not inadequate merely because it may involve more expense or delay than obtaining an extraordinary writ. *Walker*, 827 S.W.2d at 842; *De Leon*, 127 S.W.3d at 6.

**Availability of an Appeal**

■ There is no appeal from the refusal to issue or grant a writ of habeas corpus. *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex.Crim.App.1991). It is apparent from the record that the writ itself, which requires the body of the person to be brought before the court, was granted. *Price v. Johnston*, 334 U.S. 266, 283, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948) ("[t]he historic and great usage of the writ, regardless of its particular form, is to produce the body of a person before a court for whatever purpose might be essential to the proper disposition of a cause"). We note that the record of the proceeding does not explicitly state that Shaw was present, but we also recognize that Article 28.01 of the Texas Code of Criminal Procedure requires an accused to be present during any "pre-trial proceeding." TEX. CODE CRIM. PROC. ANN. art. 28.01 (Vernon 1989); *see Sanchez v. State*, 122 S.W.3d 347, 351 (Tex.App.-Texarkana 2003, pet. ref'd). In the absence of some indication in the record to the contrary, we will assume that the proper procedures were followed.

■■ That is only the first step of the process, however. After the writ is granted, the next step for the trial court is to determine whether the defendant is entitled to relief. When the court makes a decision on the merits of the claim, the losing party may appeal. *Hargett*, 819 S.W.2d at 868. Thus, a court of appeals

---

1. The ministerial aspect of this review was recently addressed by the Texas Court of Criminal Appeals, which stated that mandamus may lie to compel a trial court "to rule a certain way" on an issue that is "clear and undisputable" such that its merits are "beyond dispute" or when the "law clearly spells out the duty to be performed with such certainty that nothing is left to the [sic] discretion or judgment" whether that law is derived from "statute, rule, or opinion of a [superior] court." *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 n. 3 (Tex.Crim.App.2003).

lacks jurisdiction over a trial court's denial of a writ of habeas corpus as opposed to a denial of relief. *Ex parte Martell,* 901 S.W.2d 754, 755 (Tex.App.-San Antonio 1995, orig. proceeding).

In this case, in a convoluted sequence of events, it is apparent the trial court directed that the body of the person be brought before it, thus the writ was issued. The question, then, is whether the court ruled on the request for relief. As the proceedings commenced, the court initially stated that it had looked at the allegations and that "the Court is going to deny that." The State immediately asked the court to go off the record, but before doing so, the court stated it was denying "you having a hearing today, because I've looked it over, and I just don't see any merit to it at this point." Shaw's counsel then attempted to confirm that the court was not denying his motion—only denying having a hearing. An off-the-record discussion ensued. Afterward, the State made two presentations in which the prosecutor set out what he understood the court intended to do (and defense counsel responded). The court ultimately stated that "the Court will not grant a hearing and withdraw my Order that we were going to have a hearing."

■ A trial court's ruling is appealable only when the trial court issues the writ and then rules on the merits of the questions presented at the hearing and denies the relief sought. *Ex parte McCullough,* 966 S.W.2d 529, 532 (Tex.Crim.App.1998); *Ex parte Walker,* 813 S.W.2d 570, 571 (Tex.App.-Corpus Christi 1991, pet. ref'd). The trial court did issue the writ and produced the body. It is not clear, however, that it ruled on the merits of the claim. Both parties are addressing this proceed-

ing based on their fundamental understanding that the court did not, in fact, rule on the merits.[2] Their understanding is supported by the absence in the record before us of a written order by the trial court. We therefore accept that position and conclude the court did not rule that it was granting or denying relief, and thus we now move to the question of whether mandamus is available to require the court to rule on the merits of Shaw's claim.

### On the Merits

■ A trial court is required to consider and rule on a motion within a reasonable time. *Barnes v. State,* 832 S.W.2d 424, 426 (Tex.App.-Houston [1st Dist.] 1992, orig. proceeding); *Kissam v. Williamson,* 545 S.W.2d 265, 266–67 (Tex.Civ. App.-Tyler 1976, orig. proceeding). When a motion is properly filed and pending before a trial court, considering and ruling on that motion is a ministerial act, and mandamus may issue to compel the trial court to act. *In re Kleven,* 100 S.W.3d 643, 644 (Tex.App.-Texarkana 2003, orig. proceeding); *Safety–Kleen Corp. v. Garcia,* 945 S.W.2d 268, 269 (Tex.App.-San Antonio 1997, orig. proceeding); *see also Eli Lilly & Co. v. Marshall,* 829 S.W.2d 157, 158 (Tex.1992) (holding trial court abused its discretion by refusing to conduct hearing and render decision on motion); *Chiles v. Schuble,* 788 S.W.2d 205, 207 (Tex.App.-Houston [14th Dist.] 1990, orig. proceeding) (finding mandamus appropriate to require trial court to hold hearing and exercise discretion). While we have jurisdiction to direct the trial court to make a decision, we may not tell the court what that decision should be. *Crofts v. Court of Civil Appeals,* 362

**2.** Ultimately, the court stated that it was not conducting the hearing, but that, alone, is not controlling. The issue was a pure question of law, based on the State's allegations of how

the statute was violated. In such a situation, an evidentiary, fact-based hearing was not necessary.

S.W.2d 101 (Tex.1962); *State ex rel. Hill v. Court of Appeals for Fifth Dist.*, 34 S.W.3d 924, 927 n. 3 (Tex.Crim.App.2001); *O'Donniley v. Golden*, 860 S.W.2d 267, 269–70 (Tex.App.-Tyler 1993, orig. proceeding).

 The issue in this case is the question of the constitutionality of the statute under which Shaw is being prosecuted. A long series of cases have held consistently—in the context of an appeal from the denial of relief—that a pretrial habeas proceeding claiming that the prosecution is proceeding under a statute that is unconstitutional on its face is an appropriate procedure to address the question. *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex.Crim. App.2001).[3] The courts have not held that pretrial habeas is the only method that may be used to address the issue. That is not, however, the question before us. Our problem is somewhat simpler: was the trial court required to rule on the motion before it. For several reasons, we conclude that it was.

 First, the cases cited above all support the general concept that a party is entitled to have a ruling on its motions at an appropriate time for the type of pretrial proceeding involved. *See In re Greenwell*, 160 S.W.3d 286, 288 (Tex.App.-Texarkana 2005, orig. proceeding) (party entitled to ruling on pretrial motion rather than being required to wait until trial).

Second, there are policy reasons that support such a requirement in this particular context.

We recognize that this issue could have been raised at trial or by a motion to quash the indictment, and could be raised before this Court on appeal. The availability of a possible alternative method for the defendant to ultimately obtain review, however, does not mean the trial court can properly avoid the issue set out by the defendant to that end.

This concept was recently examined by the Texas Court of Criminal Appeals in *Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 648–49 (Tex.Crim.App.2005). The court recognized that "potential review at a later time is not always or automatically an adequate remedy: 'In some cases, a remedy at law may technically exist; however, it may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate.'" As examples of occasions when mandamus should be available, the court pointed to situations where a court had removed appointed counsel before trial, and pretrial habeas where some types of double jeopardy claims were raised—because the protection of the constitutional right required review before exposure to double jeopardy occurred. *Id.* at 649.

In this case, to unnecessarily expose Shaw to trial before determining whether the statute criminalizing her behavior would pass constitutional muster has the potential to be wasteful both of the resources, time, and effort of the court and the State, as well as those of the defendant herself.

Third, this was an application for writ of habeas corpus. This proceeding has been a foundational protection in the republic since the inception of this country. U.S. CONST. art. I, § 9, cl. 2.[4] To allow a court

---

3. *Ex parte Matthews*, 873 S.W.2d 40 (Tex. Crim.App.1994); *Ex parte Boetscher*, 812 S.W.2d 600 (Tex.Crim.App.1991); *Ex parte Crisp*, 661 S.W.2d 944 (Tex.Crim.App.1983); *Ex parte Meyer*, 172 Tex.Crim. 403, 357 S.W.2d 754 (1962); *Ex parte George*, 152 Tex. Crim. 465, 215 S.W.2d 170 (1948); *Ex parte Halsted*, 147 Tex.Crim. 453, 182 S.W.2d 479 (1944).

4. "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases

to avoid any review of its action on a habeas proceeding by granting the writ, but then declining to rule on the merits of the proceeding, is not consistent with those protections.

For all the reasons stated above, the petition for writ of mandamus is conditionally granted. The writ will issue only if the trial court fails to take appropriate action in accordance with this opinion. Subject to the court taking such action, the order issued by this Court October 5, 2005, staying the proceedings in the case styled *State of Texas v. Shaw,* cause number 05,18,176, in the Eighth Judicial District Court of Hopkins County, Texas, is hereby dissolved.

of Rebellion or Invasion the public Safety may require it."