In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00166-CR


______________________________




MICHAEL DEAN HOPKINS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 35547-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Michael Dean Hopkins appeals his conviction for theft alleging that the evidence is
insufficient, the rule requiring witness sequestration was violated, and the rebuttal testimony was
improper. After our review of the record and applicable law, we affirm the trial court's judgment.

Facts and Procedural Background 

 On December 19, 2006, an employee of the Super One Foods Store in Longview, Texas, saw
Hopkins leave the store with a television and refrigerator. Hopkins had not paid for the appliances,
and store employees detained Hopkins until police arrived. Hopkins was charged with theft of
property of a value less than $1,500.00. The indictment also alleged two prior felony convictions
which enhanced the range of punishment to that of a state-jail felony. See Tex. Penal Code Ann.
§ 31.03(e)(4)(D) (Vernon Supp. 2007). A Gregg County jury found Hopkins guilty and later
assessed punishment of two years' confinement. 

 1. Insufficient Evidence

 Hopkins' first appellate point of error claims the trial court erred in not granting Hopkins'
motion for an instructed verdict. However, Hopkins has not shown us that he moved for such a
ruling, and we have found no such request in our review. We cannot find that the trial court erred
in failing to grant a motion that was not requested. However, the text of Hopkins' brief alleges there
was no evidence to show he had intended to steal the appliances. In the interest of justice, we will
treat this as an attack on the legal sufficiency of the evidence.

 Shawn Winn, the manager of the Super One Foods Store, testified he noticed Hopkins on
December 19, 2006, in the store; Hopkins had a television and small refrigerator in his shopping cart. 
Winn was suspicious of Hopkins, who kept looking around him as he wandered from place to place
in the store. Winn alerted other employees of his observations, and when Hopkins left the store
without paying for the appliances, which he still had with him, Winn and assistant manager Jeff
Ishan confronted Hopkins. They directed Hopkins to accompany them back into the store. Hopkins
told them he had lost his keys, and a "scuffle" or "altercation" ensued. Another shopper, Bonnie
Beadles, saw this altercation on the sidewalk outside the store. She then called the police. Longview
police officer Rebekah Martinez arrived about that time. Hopkins told her that he had never left the
store and that he had not stolen anything. Martinez said that Hopkins never mentioned anything
about lost keys. 

 Hopkins testified that he had just spoken to one of the store's managers about his missing
keys when the managers tried to get Hopkins to go to the store's office with them. Hopkins denied
that he took the items outside the store, but insisted he walked to the door and stopped. Hopkins
claimed the store employees "man handled" him and tripped him. He said that his wife was in the
store with him that day and that, before this incident, he had cashed a check at the bank located
inside the store. Neither the bank teller nor Hopkins' wife testified. 

 In a legal sufficiency review, we consider the entire trial record to determine whether, after
viewing the evidence in the light most favorable to the verdict, a rational jury could have found the
accused guilty of all essential elements of the offense beyond a reasonable doubt. See Jackson v.
Virginia, 443 U.S. 307, 318-19 (1979); Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex. Crim.
App. 2005). In conducting our review of the legal sufficiency of the evidence, we do not re-evaluate
the weight and credibility of the evidence, but ensure only that the jury reached a rational decision. 
Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993).

 An intent to steal may be inferred from circumstantial evidence. Bustamante v. State, 106
S.W.3d 738, 740-41 (Tex. Crim. App. 2003). Here, the State produced testimony that Hopkins was
behaving suspiciously near the store's entrance, with two appliances in his shopping cart, and that
he left the store without paying. Beadles also stated that Hopkins had "come out" of the store
pushing a shopping cart which contained a television, when a store employee confronted him. 

 The Texas Court of Criminal Appeals has provided the proper method of analyzing a claim
of lack of intent: 

 In a sufficiency review, the jury's inference of intent is afforded more deference than
the evidence supporting proof of conduct. Circumstantial evidence of a defendant's
guilty knowledge is not "required to meet the same rigorous criteria for sufficiency
as circumstantial proof of other offensive elements." See Brown v. State, 911 S.W.2d
744, 747 (Tex. Cr. App. 1995). "It is not necessary that this Court find to its own
satisfaction that such was appellant's intent. It is enough for us to find that 'any'
rational jury could have so found beyond a reasonable doubt." Brimage v. State, 918
S.W.2d 466, 476 (Tex. Cr. App. 1994). 


Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). 

 Although Hopkins testified that he did not intend to steal the goods, the jury, as the exclusive
judge of witness credibility, was entitled to not believe all or any portion of his testimony. See id. 
There was legally sufficient evidence of Hopkins' intent to commit theft. We overrule the first point
of error.

 2. Violation of the Rule Sequestering Witnesses 

 Hopkins' second point of error claims the trial court erred when it allowed two witnesses to
testify for the State in rebuttal. Before testimony began, Hopkins invoked the rule for exclusion of
witnesses. See Tex. R. Evid. 614. The two witnesses of whom Hopkins now complain, Beadles and
Ishan, had both testified during the State's case-in-chief, and were excused by the trial court. The
witnesses remained in the courtroom and heard the rest of the State's evidence, as well as the
testimony of Hopkins and his mother. 

 When requested by any party, witnesses are to be excluded from the courtroom "so that they
cannot hear the testimony of other witnesses." Tex. R. Evid. 614. "The purpose of placing
witnesses in a proceeding under the sequestration rule . . . is to prevent the testimony of one witness
from influencing the testimony of another." Bell v. State, 938 S.W.2d 35, 50 (Tex. Crim. App.
1996). The Texas Court of Criminal Appeals, in Bell, pointed out that, while the language of the rule
is mandatory, what to do following a violation is discretionary: "Unlike the trial court's obligation
to order witnesses excluded during other witnesses' testimony, the court's decision to allow testimony
from a witness who has violated the rule is a discretionary matter." Id. (1)

 The test for an abuse of discretion in this situation is whether harm has befallen the accused. 
As the Bell court put it, "whether or not the witness's presence during other testimony resulted in
injury to the defendant." Id. Two criteria which have been suggested for determining injury or
prejudice are 1) whether the witness actually conferred with or heard testimony of other witnesses,
and 2) whether the witness' testimony contradicted testimony of a witness from the opposing side
or corroborated testimony of a witness with whom he or she had conferred, or heard. Id. In Bell,
a police investigator remained in the courtroom during the trial even though the rule had been
invoked. Id. However, because his testimony and opinions were "clearly . . . based upon his own
experiences and investigations" and not "based upon any testimony from appellant's witnesses," and
because there was no evidence to suggest the testimony he heard influenced him, the court found no
abuse of discretion in allowing his testimony. Id. at 51. (2) 

 Here, it is undisputed that the witnesses--Beadles, the lady who called police after seeing
the altercation in front of the store; and Ishan, the assistant manager who helped detain
Hopkins--remained in the courtroom after their testimony while Hopkins and his mother testified. 
On rebuttal, Beadles was asked two questions by the State: where she had first seen Hopkins on the
date of the incident and where the cart was located. Beadles said Hopkins and the cart were outside
the store, on the sidewalk. While this contradicts Hopkins' testimony, the record reveals her
statement was based on her own experience and perceptions and not that it was based on or
influenced by the testimony of any other witness. Cf. id. at 50-51. Beadles had testified in the
State's case-in-chief that Hopkins was outside the store with the goods when she saw the store
employees stop him. Her rebuttal testimony added nothing new or different to the testimony to
which she had already committed. Perhaps a proper objection to her testimony was that it was
repetitive, but that objection was not presented to the trial court and cannot now be considered. 

 Ishan was only asked, on rebuttal, to testify about the layout of the store; he offered no
testimony that specifically contradicted Hopkins' testimony. 

 The evidence in this case does not support a conclusion that these witnesses' presence during
the presentation of other testimony resulted in injury to Hopkins. Two witnesses other than Beadles
testified that Hopkins left the store with the appliances. Beadles' rebuttal testimony was entirely
consistent with her testimony given before Hopkins and his witness testified and therefore belies any
concern that her testimony was changed or influenced by hearing the testimony of other witnesses. 

 3. Rebuttal Witness Testimony 

 Hopkins' third point of error claims the trial court abused its discretion in allowing the State
to call the above-referenced rebuttal witnesses to present the "same facts as on the case in chief" and
violates Rule 611 of the Texas Rules of Evidence. See Tex. R. Evid. 611. This objection was not
presented to the trial court. The only objection to the rebuttal testimony was the violation of the
witness sequestration rule. Having not been presented at trial, the point is not preserved for appeal. 
See Tex. R. App. P. 33.1.

 We affirm the judgment of the trial court.




 Jack Carter

 Justice


Date Submitted: April 3, 2008 

Date Decided: April 9, 2008


Do Not Publish
1. "It has long been held that the ruling of the trial court on an objection to a witness testifying
when he has remained in the courtroom after having been placed under the 'rule' may not be relied
upon as a ground for reversal unless an abuse of discretion is shown; and until the contrary has been
shown, it will be presumed on appeal that discretion was properly exercised." Valdez v. State, 776
S.W.2d 162, 170 (Tex. Crim. App. 1989).
2. The investigator was called at punishment and testified about his experience and opinions
about criminals who were "'smart' in crime but not very smart 'outside of the criminal element.'" He
further opined that the murder at issue, and post-crime cleanup, had been planned. Bell, 938 S.W.2d
at 50.



:LsdException Locked="false" Priority="73" SemiHidden="false"
 UnhideWhenUsed="false" Name="Colorful Grid Accent 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00139-CV

                                                ______________________________

 

 

 

                                                 IN
RE:  GARY W. STRICKLAND

 

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Gary W. Strickland has filed a
petition for writ of mandamus requesting that this Court order the 196th
Judicial District Court to act on the Petitioner/Movants
Motion for Forensic DNA Testing which was filed in that court . . . August 31,
2011.  Although the petition names the
Honorable Joe Leonard as respondent, we take judicial notice that the Honorable
Stephen R. Tittle, Jr., is now the presiding judge of
the 196th Judicial District.  See Tex.
R. App. P. 7.2(a) (the public officers successor is automatically
substituted as a party if appropriate).

            To be entitled to mandamus relief, a
relator must show that he or she has no adequate
remedy at law to redress the alleged harm and that he or she seeks to compel a
ministerial act, not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  An act is ministerial if it constitutes a duty
clearly fixed and required by law.  State ex rel. Curry v. Gray, 726 S.W.2d
125, 128 (Tex. Crim. App. 1987) (orig. proceeding).

            The real party, the Hunt County
District Attorneys Office, has filed a response arguing, because identity was
not disputed in the underlying conviction,[1]
Stricklands request for DNA testing should be denied.  The issue in this mandamus proceeding,
though, is not whether Strickland is entitled to have his request for DNA
testing granted,[2] but whether Strickland is
entitled to a ruling on his request for DNA testing.  

            A trial court has a ministerial duty
to consider and rule on a properly filed and pending motion within a reasonable
time.  See In re Shaw, 175 S.W.3d 901, 904 (Tex. App.Texarkana 2005,
orig. proceeding).  In general, we have
mandamus jurisdiction to direct the trial court to make a decision, but we may
not tell the trial court what that decision should be.  In re
Blakeney, 254 S.W.3d 659, 661 (Tex. App.Texarkana 2008, orig. proceeding);
cf. State ex rel. Rosenthal v. Poe,
98 S.W.3d 194, 198 n.3 (Tex. Crim. App. 2003) (orig. proceeding) (mandamus may
lie to compel trial court to rule a certain way when nothing is left to the
discretion of trial court).  

            The real party attached a copy of an
order transferring Stricklands motion to the 354th Judicial District Court due
to a conflict of interest.[3]  The Honorable Richard A. Beacom,
presiding judge of the 354th Judicial District, has filed a copy of an order
denying Stricklands motion for DNA testing. 
Strickland has now received the relief requestedhis motion has been
ruled on.

            For the reasons stated, we deny
mandamus relief.

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date
Submitted:          January 25, 2012

Date
Decided:             January 26, 2012

 

                                                                              











[1]Strickland
was convicted of aggravated assault with a deadly weapon.  Strickland is requesting DNA testing on blood
found on a cinder block.  See Tex.
Code Crim. Proc. Ann. art. 64.03 (West Supp. 2011).  The State argues Strickland admitted the
assault, claimed self-defense at trial, and has never contended that he did
not assault [the victim].    





[2]Strickland
has an adequate remedy by appeal.  See Tex.
Code Crim. Proc. Ann. art. 64.05 (West 2006).  

 





[3]The
order does not specify the nature of the conflict of interest.  However, we take judicial notice that, when the
Honorable Stephen R. Tittle, Jr., was elected to and
assumed his current judicial position, he was one of the attorneys representing
the State of Texas in Stricklands appeal of the underlying conviction for
aggravated assault with a deadly weapon. 
See Strickland v. State, No.
06-04-00063-CR, 2005 Tex. App. LEXIS 2300 (Tex. App.Texarkana Mar. 28, 2005,
pet. refd) (mem. op.).