

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-11-00139-CV

_____

IN RE:  GARY W. STRICKLAND

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Gary W. Strickland has filed a petition for writ of mandamus requesting that this Court order the 196th Judicial District Court to "act on the Petitioner/Movant's Motion for Forensic DNA Testing which was filed in that court . . . August 31, 2011." Although the petition names the Honorable Joe Leonard as respondent, we take judicial notice that the Honorable Stephen R. Tittle, Jr., is now the presiding judge of the 196th Judicial District. *See* TEX. R. APP. P. 7.2(a) ("the public officer's successor is automatically substituted as a party if appropriate").

To be entitled to mandamus relief, a relator must show that he or she has no adequate remedy at law to redress the alleged harm and that he or she seeks to compel a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). An act is ministerial if it constitutes a duty clearly fixed and required by law. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding).

The real party, the Hunt County District Attorney's Office, has filed a response arguing, because identity was not disputed in the underlying conviction,[1] Strickland's request for DNA testing should be denied. The issue in this mandamus proceeding, though, is not whether

---

[1]Strickland was convicted of aggravated assault with a deadly weapon. Strickland is requesting DNA testing on blood found on a cinder block. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03 (West Supp. 2011). The State argues Strickland admitted the assault, claimed self-defense at trial, and "has never contended that he did not assault [the victim]."

2

Strickland is entitled to have his request for DNA testing granted,[2] but whether Strickland is entitled to a ruling on his request for DNA testing.

A trial court has a ministerial duty to consider and rule on a properly filed and pending motion within a reasonable time. *See In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding). In general, we have mandamus jurisdiction to direct the trial court to make a decision, but we may not tell the trial court what that decision should be. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *cf. State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 n.3 (Tex. Crim. App. 2003) (orig. proceeding) (mandamus may lie to compel trial court "to rule a certain way" when "nothing is left to" the discretion of trial court).

The real party attached a copy of an order transferring Strickland's motion to the 354th Judicial District Court due to a conflict of interest.[3] The Honorable Richard A. Beacom, presiding judge of the 354th Judicial District, has filed a copy of an order denying Strickland's motion for DNA testing. Strickland has now received the relief requested—his motion has been ruled on.

---

[2]Strickland has an adequate remedy by appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 64.05 (West 2006).

[3]The order does not specify the nature of the conflict of interest. However, we take judicial notice that, when the Honorable Stephen R. Tittle, Jr., was elected to and assumed his current judicial position, he was one of the attorneys representing the State of Texas in Strickland's appeal of the underlying conviction for aggravated assault with a deadly weapon. *See Strickland v. State*, No. 06-04-00063-CR, 2005 Tex. App. LEXIS 2300 (Tex. App.—Texarkana Mar. 28, 2005, pet. ref'd) (mem. op.).

For the reasons stated, we deny mandamus relief.


                                        Josh R. Morriss, III
                                        Chief Justice

Date Submitted:        January 25, 2012
Date Decided:          January 26, 2012