In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00139-CV

                                                ______________________________

 

 

 

                                                 IN
RE:  GARY W. STRICKLAND

 

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Gary W. Strickland has filed a
petition for writ of mandamus requesting that this Court order the 196th
Judicial District Court to “act on the Petitioner/Movant’s
Motion for Forensic DNA Testing which was filed in that court . . . August 31,
2011.”  Although the petition names the
Honorable Joe Leonard as respondent, we take judicial notice that the Honorable
Stephen R. Tittle, Jr., is now the presiding judge of
the 196th Judicial District.  See Tex.
R. App. P. 7.2(a) (“the public officer’s successor is automatically
substituted as a party if appropriate”).

            To be entitled to mandamus relief, a
relator must show that he or she has no adequate
remedy at law to redress the alleged harm and that he or she seeks to compel a
ministerial act, not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  An act is ministerial if it constitutes a duty
clearly fixed and required by law.  State ex rel. Curry v. Gray, 726 S.W.2d
125, 128 (Tex. Crim. App. 1987) (orig. proceeding).

            The real party, the Hunt County
District Attorney’s Office, has filed a response arguing, because identity was
not disputed in the underlying conviction,[1]
Strickland’s request for DNA testing should be denied.  The issue in this mandamus proceeding,
though, is not whether Strickland is entitled to have his request for DNA
testing granted,[2] but whether Strickland is
entitled to a ruling on his request for DNA testing.  

            A trial court has a ministerial duty
to consider and rule on a properly filed and pending motion within a reasonable
time.  See In re Shaw, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005,
orig. proceeding).  In general, we have
mandamus jurisdiction to direct the trial court to make a decision, but we may
not tell the trial court what that decision should be.  In re
Blakeney, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding);
cf. State ex rel. Rosenthal v. Poe,
98 S.W.3d 194, 198 n.3 (Tex. Crim. App. 2003) (orig. proceeding) (mandamus may
lie to compel trial court “to rule a certain way” when “nothing is left to” the
discretion of trial court).  

            The real party attached a copy of an
order transferring Strickland’s motion to the 354th Judicial District Court due
to a conflict of interest.[3]  The Honorable Richard A. Beacom,
presiding judge of the 354th Judicial District, has filed a copy of an order
denying Strickland’s motion for DNA testing. 
Strickland has now received the relief requested—his motion has been
ruled on.

            For the reasons stated, we deny
mandamus relief.

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date
Submitted:          January 25, 2012

Date
Decided:             January 26, 2012

 

                                                                              











[1]Strickland
was convicted of aggravated assault with a deadly weapon.  Strickland is requesting DNA testing on blood
found on a cinder block.  See Tex.
Code Crim. Proc. Ann. art. 64.03 (West Supp. 2011).  The State argues Strickland admitted the
assault, claimed self-defense at trial, and “has never contended that he did
not assault [the victim].”    





[2]Strickland
has an adequate remedy by appeal.  See Tex.
Code Crim. Proc. Ann. art. 64.05 (West 2006).  

 





[3]The
order does not specify the nature of the conflict of interest.  However, we take judicial notice that, when the
Honorable Stephen R. Tittle, Jr., was elected to and
assumed his current judicial position, he was one of the attorneys representing
the State of Texas in Strickland’s appeal of the underlying conviction for
aggravated assault with a deadly weapon. 
See Strickland v. State, No.
06-04-00063-CR, 2005 Tex. App. LEXIS 2300 (Tex. App.—Texarkana Mar. 28, 2005,
pet. ref’d) (mem. op.).