

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-12-00123-CR
_____

IN RE:  RALPHAEL SCOTT

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Ralphael Scott has filed a petition for writ of mandamus with this Court. Scott seeks an order compelling the trial court to rule on motions Scott claims to have filed. He states the trial court has failed to rule on his motion for speedy trial and his motion or motions regarding the Interstate Agreement on Detainers Act.[1]

The standard for mandamus relief articulated by the Texas Court of Criminal Appeals requires the relator to establish that (1) there is no adequate remedy at law to redress the alleged harm, and (2) only a ministerial act, not a discretionary or judicial decision, is being sought. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Due to the nature of this remedy, it is Scott's burden to properly request and show entitlement to the mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

Scott has failed in his obligation to provide this Court with a sufficient record establishing his right to mandamus relief. He has provided no copies of the motions he claims to have filed in the trial court. It is true a trial court has a ministerial duty to consider and rule on a properly filed and pending motion within a reasonable time. *See In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding). However, without copies of the purported

---

[1]*See* TEX. CODE CRIM. PROC. ANN. art. 51.14 (West 2006).

pleadings, we can determine neither the merits of Scott's requested relief nor whether the trial court has had adequate time to rule.

We deny Scott's requested relief.


Josh R. Morriss, III
Chief Justice

Date Submitted:     July 25, 2012
Date Decided:       July 26, 2012

Do Not Publish