

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00068-CV

_____

IN RE:
TOMMY PERKINS

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Tommy Perkins has filed a petition for writ of mandamus requesting this Court order the Honorable Eric Clifford, presiding judge of the 6th Judicial District Court, to rule on his petition for expunction of records.[1] Perkins alleges he was convicted on July 29, 1993, of capital murder of Phillip Kinslow and filed a petition in June 2008 for expunction of the charge of murder of Phillip Kinslow, a charge which had been abandoned by the State at the capital murder trial. Perkins has attached a copy of the petition for expunction[2] and a copy of a docket sheet indicating the late Honorable Jim D. Lovett, who was formerly the presiding judge of the 6th Judicial District Court, "passed" on the petition on June 22, 2008.

Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992); *see In re Columbia Med. Ctr. of Las Colinas Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding). The Texas Supreme Court has adopted a balancing test to determine whether a party has an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding); *In re AIU Ins. Co.*, 148 S.W.3d 109, 115 (Tex. 2004) (orig. proceeding). Relator must establish that the trial court (1) had a ministerial duty to perform the act, (2) was asked to

---

[1]The Texas Code of Criminal Procedure provides a right to an expunction of criminal records under certain circumstances such as an acquittal or pardon. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01 (West Supp. 2012).

[2]We dismissed a prior petition for writ of mandamus based on failure to provide an adequate record. *See In re Perkins*, No. 06-12-00097-CR (Tex. App.—Texarkana June 13, 2012, orig. proceeding) (not designated for publication).

2

perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding).

Perkins has received the relief requested. We note a trial court has a ministerial duty to consider and rule on a properly filed and pending motion within a reasonable time. *See In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding). In general, we have mandamus jurisdiction to direct the trial court to make a decision, but we may not tell the trial court what that decision should be. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.— Texarkana 2008, orig. proceeding); *cf. State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 n.3 (Tex. Crim. App. 2003) (orig. proceeding) (mandamus may lie to compel trial court "to rule a certain way" when "nothing is left to" the discretion of trial court). Pursuant to Rule 7.2(b) of the Texas Rules of Appellate Procedure, we abated this case for the Honorable Eric Clifford, presiding judge of the 6th Judicial District Court, to reconsider the refusal to rule of the late Honorable Jim D. Lovett. *See* TEX. R. APP. P. 7.2. On July 31, 2012, the Honorable Eric Clifford denied Perkins' petition for expunction. Perkins has now received the relief requested— his petition for expunction of records has been ruled on.

For the reasons stated, we deny mandamus relief.


Bailey C. Moseley
Justice

Date Submitted:     September 4, 2012
Date Decided:       September 5, 2012

3