

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00110-CV

_____

IN RE: ARNOLD NELSON

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Arnold Nelson, proceeding pro se, has filed a petition for writ of mandamus asking this Court to order the 202nd Judicial District Court of Bowie County, Texas, to rule on his motion to cease garnishment and return withdrawn funds, which he states was filed months ago.

Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding); *see In re Columbia Med. Ctr. of Las Colinas Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding). The Texas Supreme Court has adopted a balancing test to determine whether a party has an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). Relator must establish that the trial court (1) had a ministerial duty to perform the act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding).

A trial court has a ministerial duty to consider and rule on a properly filed and pending motion within a reasonable time. *See In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding). In general, we have mandamus jurisdiction to direct the trial court to make a decision, but we may not tell the trial court what that decision should be. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). Any such mandamus relief, however, must be predicated on an adequate showing that a request for a ruling has been properly and adequately presented to the trial court and that the court has declined to rule. *Id*.

In spite of his petition that this Court order the trial court to rule on his motion, Nelson has failed to provide this Court with any record in support of his petition. It is the relator's burden to provide this Court with a sufficient record to establish his right to mandamus relief. *Walker*, 827 S.W.2d 837; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3. Nelson's petition is not accompanied by a certified or sworn copy of the motion that is the subject of his complaint, as required by Rule 52.3 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.3(k)(1). Likewise, Nelson's petition fails to show that his motion was brought to the attention of the trial court. The trial court is not required to consider a motion unless it is called to the court's attention. *Blakeney*, 254 S.W.3d at 662. Nelson's petition does not include an appendix or any other attempt to provide a record for our review. Without some record of this type, we are unable to grant the extraordinary relief he has requested.

For the reasons stated, Nelson's petition is denied.

Josh R. Morriss, III
Chief Justice

Date Submitted:     November 4, 2013
Date Decided:      November 5, 2013