

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00176-CR

IN RE WILLIAM ISAAC HOFF

Original Mandamus Proceeding

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

William Isaac Hoff filed a pro se petition for writ of mandamus complaining of the trial court's failure to rule on a motion to dismiss. We deny the requested relief.

Hoff complains that the presiding judge of the County Court at Law of Cass County has failed to rule on his motion to dismiss an assault charge involving family violence. Hoff attached a copy of the motion to dismiss he allegedly filed in the trial court, and there is an unsworn declaration dated July 3, 2015, appended to that motion. However, the motion to dismiss itself is undated and bears no "filed" stamp or other notation demonstrating that it was actually filed in the trial court. Hoff included in the appendix filed with his petition a copy of a letter dated July 14, 2015, from the Cass County Clerk addressed to a Mr. Bobby Hodge stating, "I have forwarded his Motion to Dismiss to the County Court at Law for the Judge to review and make a determination on the Dismissal that Mr. Hoff has filed." Hoff contends that the respondent has had ample time to rule on his motion but has failed to do so.

We may grant a petition for a writ of mandamus when the relator shows that "'there is no adequate remedy at law'" to redress the alleged harm and "'that the act . . . to be compelled is purely ministerial.'" *Aranda v. Dist. Clerk*, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (orig. proceeding) (per curiam) (quoting *Winters v. Presiding Judge of Criminal Dist. Court No. Three*, 118 S.W.3d 773, 775 (Tex. Crim. App. 2003) (orig. proceeding)).

A trial court has a ministerial duty to consider and rule on a properly filed, pending motion within a reasonable time. *See In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding). While we have mandamus jurisdiction to direct the trial court to make a

decision, we may not tell the trial court what that decision should be. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). "Any such mandamus relief, however, must be predicated on an adequate showing that a request for a ruling has been properly and adequately presented to the trial court and that the court has declined to rule." *Id.*

Although the motion to dismiss bears no "filed" stamp, the appendix to Hoff's petition includes documentation establishing that the motion was transmitted to the County Court at Law of Cass County by the Cass County Clerk. This documentation does not establish that the motion was brought to the attention of the trial court with a request for a ruling. *See id.* at 661 (mandamus relief must be predicated on adequate showing that request for ruling has been presented to trial court).

Here, the style of Hoff's petition identifies the respondent as the County Court at Law of Cass County. In the body of the petition, however, Hoff names "Becky Wilbanks, Judge of the Cass County Court in Her capacity as Presiding Judge of the Cass County Court of Law" as the respondent. This Court takes judicial notice[1] of the fact that Donald W. Dowd is the judge of the County Court at Law of Cass County and that Becky Wilbanks is the Cass County Judge. *See* TEX. R. EVID. 201. Moreover, the Fifth Judicial District Court of Cass County and the County Court at Law of Cass County have concurrent jurisdiction over misdemeanor cases not involving official misconduct and over all felony cases except capital murder. *See* TEX. GOV'T CODE ANN. § 24.105(b) (West 2004) (giving the Fifth Judicial District Court the jurisdiction of a county court),

---

[1]*See* TEX. R. EVID. 201.

§ 25.0362 (West Supp. 2014) (giving the Cass County Court at Law concurrent jurisdiction with the Fifth Judicial District Court in certain misdemeanor and felony cases). Additionally, the County Court for Cass County "has the general jurisdiction of a probate court but has no other civil or criminal jurisdiction except juvenile jurisdiction as provided by Section 26.042(b) and criminal jurisdiction to receive and enter guilty pleas in misdemeanor cases." TEX. GOV'T CODE ANN. § 26.134 (West Supp. 2014).

The offense of assault family violence can be charged either as a misdemeanor or felony offense, depending on the circumstances. *See* TEX. PENAL CODE ANN. § 22.01 (West Supp. 2014). Thus, it is conceivable that Hoff's case could be pending in either the County Court at Law of Cass County or in the Fifth Judicial District Court of Cass County. Hoff's petition does not clearly identify the proper respondent, having variously named both the Cass County Judge and the County Court at Law of Cass County.

In order to satisfy the presentment requirement, Hoff was required to (1) bring his motion to the attention of the proper trial court and (2) make a clear request for a ruling on that motion. *See Blakeney*, 254 S.W.3d at 662.[2] This he failed to do.

---

[2]Typically, presentment may be accomplished by means of a letter from the relator directed to the proper trial court enclosing the motion on which a ruling is requested and clearly requesting a ruling.

Because Hoff has not established a right to mandamus relief, we deny his petition for a writ of mandamus.

Ralph K. Burgess
Justice

Date Submitted:     October 27, 2015
Date Decided:       October 28 2015

Do Not Publish