

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-16-00077-CR

---

IN RE:  CHRISTOPHER CROW

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Relator, Christopher Crow, proceeding pro se, has filed a petition for a writ of mandamus asking this Court to compel Eddie Northcutt, Judge of the Eighth Judicial District Court of Hopkins County, Texas, to rule on his "Petition for a Writ of Error Coram Nobis." We deny Crow's petition for writ of mandamus because he has failed to provide us with a record to support his entitlement to mandamus relief.

It is Crow's burden to properly request and show his entitlement to mandamus relief. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). With respect to his request, Crow must show that he has no adequate remedy at law to redress his alleged harm and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding); *see In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding). However, a relator seeking a writ of mandamus must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3. In this regard, a relator is required to file

a certified or sworn copy of every document that is material to his claim for relief.  *See* T<span>EX</span>. R. A<span>PP</span>. P. 52.3(k), 52.7(a).

Aside from scribing the title, Crow reveals nothing about the substance of or basis for his "Petition for a Writ of Error Coram Nobis."  Crow claims that he mailed it to the clerk in February 2015 and complains that the trial court has not yet issued its decision.  Crow has failed to provide this Court with any portion of a record or any document supporting his petition for a writ of mandamus.  Specifically, this Court cannot determine whether Crow actually filed a "Petition for a Writ of Error Coram Nobis" with the trial court or whether the trial judge was asked or required to rule on it.  The absence of a mandamus record prevents us from evaluating the circumstances of this case and, consequently, the merits of Crow's complaints.

Accordingly, we deny Crow's petition for a writ of mandamus.


Bailey C. Moseley
Justice


Date Submitted:     May 2, 2016
Date Decided:       May 3, 2016

Do Not Publish