**Denied and Opinion Filed December 21, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01516-CV

### IN RE AMERICAN ZURICH INSURANCE COMPANY, Relator

**Original Proceeding from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-05893**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Schenck
Opinion by Justice Schenck

In this original proceeding, relator seeks a writ of mandamus directing the trial court to rule on and grant relator's motion to strike the real party in interest's first amended petition and motion for entry of final judgment. When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act, and mandamus may issue to compel the trial judge to act. *Safety–Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time, (2) the relator requested a ruling on the motion, and (3) the trial court refused to rule. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex.1992); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Buholtz*, No. 05-16-01312-CV, 2017 WL 462361, at *1 (Tex. App.—Dallas Jan. 31, 2017, orig. proceeding). It is the relator's

burden to provide this Court with a sufficient record to establish relator's right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992).

Based on the record before us, we conclude relator has not shown it is entitled to the relief requested.  First, the record does not include the transcripts of hearings at which relator avers the trial court heard argument on the motions, the trial court took the motions under advisement, and relator asked for rulings on the motions. On the record presented, relator has not established that the trial court has refused to rule and, therefore, has not established a right to a writ of mandamus directing the trial court to rule. Second, although this Court may, where appropriate, direct a trial court to rule on a motion after a reasonable time, we may not tell the trial court what the decision should be. *In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding). Relator is, therefore, not entitled to a writ of mandamus directing the trial court to grant the motions.

Accordingly, we deny relator's petition for writ of mandamus.  *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE


181516F.P05