

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-20-00051-CR

EX PARTE TIMOTHY MICHAEL STRUBE

On Appeal from the County Court
Franklin County, Texas
Trial Court No. 08879

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

Timothy Michael Strube filed an application for a writ of habeas corpus under Article 11.09 of the Texas Code of Criminal Procedure in trial court cause number 08879 in the County Court of Franklin County. On February 26, 2020, the trial court entered an order denying Strube's request for a hearing on his Article 11.09 application, and on March 26, 2020, Strube filed a notice of appeal in this Court attempting to appeal from the trial court's February 26 order.

In Texas, a party may only appeal when the Texas Legislature has authorized an appeal. *Galitz v. State*, 617 S.W.2d 949, 951 (Tex. Crim. App. 1981) (op. on reh'g). When the Legislature passes legislation granting a right of appeal, in addition to granting its citizens that substantive right, it also grants the appellate courts of this State jurisdiction to hear such appeals. In the absence of such authorizing legislation, appellate courts are without jurisdiction and have no authority to act. In the criminal context, the Texas Legislature has authorized appeals from written judgments of conviction and a few orders deemed appealable. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010).

"[A] trial court's ruling [in a habeas corpus proceeding] is appealable only when the trial court issues the writ and then rules on the merits of the questions presented at the hearing and denies the relief sought." *Ex parte Paselk*, No. 06-14-00099-CR, 2014 WL 4922981, at *3 (Tex. App.—Texarkana Oct. 1, 2014, pet. ref'd) (mem. op.) (first and second alterations in original) (quoting *In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding)). "[W]hen a trial judge refuses to issue a writ or denies an applicant a hearing on the merits of his or her claims, there is no right to appeal." *Id.* (quoting *Ex parte Villanueva*, 252 S.W.3d 391, 394

2

(Tex. Crim. App. 2008)). Because the trial court's February 26 order simply denied Strube a hearing, the order is not appealable.

By letter dated April 2, 2020, we informed Strube of this jurisdictional issue. In response, Strube conceded that his attempted appeal fails for want of jurisdiction.

Because the trial court's February 26 order denying Strube a hearing on his application for habeas corpus is not an appealable order, we lack jurisdiction over this appeal. Consequently, we dismiss the appeal for want of jurisdiction.

Scott E. Stevens
Justice

Date Submitted:     April 16, 2020
Date Decided:       April 17, 2020

Do Not Publish