

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00062-CR
_____

IN RE MONGO J. WILLIAMS

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Mongo J. Williams has filed a pro se petition for a writ of mandamus stating that he "has tried on several tries to get a response from the" 124th Judicial District Court of Gregg County, the sheriff, and the district attorney[1] regarding an issue "pertaining to Petitioner's case and [a] [c]ommutation of [s]entence." He asks this Court to compel the trial court, the sheriff, and the district attorney to provide him with "LEGAL MATERIAL TO PREPARE FOR . . . FUTURE COURT DATES." We deny Williams's requested relief.

Section 22.221 of the Texas Government Code states, in part,

> (a)    Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court.

> (b)    Subject to Subsection (c-1), each court of appeals for a court of appeals district may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district.

TEX. GOV'T CODE ANN. § 22.221 (Supp.). This Court does not have jurisdiction to issue a writ of mandamus against a district attorney or a sheriff unless it is necessary to enforce our jurisdiction in another proceeding.[2] That is not the case here.

Williams's petition also addresses the 124th Judicial District Court of Gregg County. In a criminal case, "[m]andamus relief may be granted if a relator shows that: (1) the act sought to be compelled is purely ministerial, and (2) there is no adequate remedy at law." *In re McCann*,

---

[1]We presume Williams is referring to the sheriff and district attorney of Gregg County.

[2]*See Silva v. Klevenhagen*, 833 S.W.2d 746, 747 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam); *see also In re Jones*, No. 06-03-00061-CV, 2003 WL 1985247, at *1 (Tex. App.—Texarkana Apr. 30, 2003, orig. proceeding) (mem. op., not designated for publication).

2

422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). To meet the burden to establish entitlement to mandamus relief, a relator is required to show that the trial court failed to complete a ministerial act. *See In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). An act is considered ministerial "if the relator can show . . . a *clear right to the relief sought.*" *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011) (orig. proceeding) (quoting *State ex rel. Young v. Sixth Jud. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding)). A clear right to the requested relief is shown when the facts and circumstances require but "one rational decision 'under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.'" *In re State ex rel. Weeks*, 391 S.W.3d at 122 (quoting *Bowen*, 343 S.W.3d at 810). "Mandamus is not available to compel a discretionary act as distinguished from a ministerial act." *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App. 1984) (orig. proceeding).

Here, Williams's request for mandamus relief is exceedingly unclear. He refers to a lack of response from the trial court "pertaining to Petitioner's case and [a] [c]ommutation of [s]entence," but he does not state the manner, if any, in which he brought that issue to the trial court's attention. Moreover, in the conclusion of his mandamus petition, Williams refers to his presentment of unspecified motions to the trial court.[3] When a defendant files a proper motion, a

---

[3]Williams states,

> As the record and the law/ [sic] make it clear. Petitioner should not be in any way, [sic] denied any legal material pertaining [to] the requests mentioned throughout this Petition For Writ of Mandamus. Nor should he be neglected as far as being notified the moment he sends any motions to any government officials concerning these matters."

3

trial court has a ministerial duty to "consider and rule on [the] motion within a reasonable time."[4] *In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding). But, a defendant is required to (1) bring his motion to the attention of the trial court and (2) make a clear request for a ruling on that motion. *See In re Blakeney*, 254 S.W.3d at 661–62.

Among several other inadequacies, Williams did not attach to his petition a file-marked copy of a motion requesting relief from the trial court. Likewise, he failed to present any evidence that he made a clear request for a ruling on that motion. "It is the relator's burden to provide this Court with a sufficient record to establish his or her right to mandamus relief." *Id.* at 661 (citing *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding); *In re Pilgram's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding)). Williams has failed to do so.

Because Williams has not shown himself entitled to the extraordinary remedy of mandamus, we deny his petition.

Scott E. Stevens
Chief Justice

Date Submitted:    April 23, 2024
Date Decided:    April 24, 2024

Do Not Publish

---

[4]"While we have [mandamus] jurisdiction to direct the trial court to make a decision, we may not tell the [trial] court what that decision should be." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding).