

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00038-CR

IN RE JOHNIFER RAY MUMPHREY

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Johnifer Ray Mumphrey has filed a pro se petition for a writ of mandamus asking this Court to compel Judge Alfonso Charles of the 124th Judicial District Court of Gregg County, Texas, to appoint Mumphrey counsel because he is indigent and wishes to submit a motion for post-conviction DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. We deny Mumphrey's petition.

First, Rule 52.3 of the Texas Rules of Appellate Procedure requires the person filing the petition for a writ of mandamus to "certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). The petition in this case does not contain the required certification.

Next, Rule 52.7(a)(1) states that a relator must file with the petition "a certified or sworn copy of every document that is material to the relator's claims for relief *and that was filed in any underlying proceeding*." TEX. R. APP. P. 52.7(a)(1) (emphasis added). Also, Rule 52.3(k)(1)(B) states, "The appendix must . . . contain . . . a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(B). Here, Mumphrey did not attach to his petition a certified or sworn copy of his motion asking the trial court for appointment of counsel for the purpose of filing a motion for post-conviction DNA testing.

Mumphrey has the burden to properly request and show his entitlement to mandamus relief. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig.

2

proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). To do so, "he must show that he has no adequate remedy at law to redress his alleged harm" and "that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision." *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

"[C]onsideration of a motion [that is] properly filed and before the court is [a] ministerial" act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding); *see In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding). But, before mandamus may issue, the relator must show that the trial court "had a legal duty to perform a [ministerial] act," "was asked to" do so, and "failed or refused to" act. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). In this case, if, as Mumphrey contends, he filed a motion with the trial court asking for the appointment of counsel for the purpose of post-conviction DNA testing, he has failed to show that the trial court had a legal duty to perform a ministerial act, was asked to do so, and failed or refused to act. *See id.*

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record.'" *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding) (alteration in original) (quoting *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.)). For these reasons, we conclude that Mumphrey has failed to comply with the Texas Rules of Appellate

3

Procedure and has not met his burden to provide a record sufficient to show himself entitled to mandamus relief.

Accordingly, we deny Mumphrey's petition for a writ of mandamus.


Charles van Cleef
Justice

Date Submitted:    March 4, 2025
Date Decided:      March 5, 2025

Do Not Publish