

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00044-CV

IN RE: ROBERT TROY MCCLURE

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

Robert Troy McClure has petitioned this Court for mandamus relief alleging that his personal injury action has been stalled by a defense motion asking that McClure be named a vexatious litigant, combined with the trial court's failure to set a hearing on that motion and to issue a bench warrant to allow McClure to attend such a hearing. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.053(a) (West 2002). For want of a required mandamus record, we deny the requested relief.

Mandamus relief will be granted only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding); *see In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding). The relator must provide this Court with a record sufficient to establish the right to mandamus relief. *Walker*, 827 S.W.2d at 837; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3.

McClure has provided this Court with no record. Among the unprovided documents that might support his request are the claimed motions to hold a hearing or to issue a bench warrant and evidence that the motions were brought to the trial court's attention and that rulings were requested.[1] Without those items, this Court cannot determine if or when such motions were

---

[1]Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). The moving party must show, however, that the trial court received, was aware of, and was asked to rule on the motion. *In re Grulkey*, No. 14-10-00450-CV, 2010 WL 2171408, at *1 (Tex. App.—Houston [14th Dist.] May 28, 2010, orig. proceeding) (mem. op.) (per curiam)

actually filed and if all conditions were actually met.[2]  McClure has also supplied no copy of the claimed defense motion to declare McClure a vexatious litigant, which would have triggered the need for a hearing under Section 11.053(a) of the Texas Civil Practice and Remedies Code.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.051 (West 2002).

McClure has failed to demonstrate that he is entitled to the extraordinary remedy of mandamus relief.  We deny his petition.

<div style="margin-left: 40%;">

Josh R. Morriss, III
Chief Justice

</div>

Date Submitted:      May 14, 2013
Date Decided:        May 15, 2013

---

(citing *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding)); *see also In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) ("Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling.").

[2]A trial court has a ministerial duty to consider and rule on a properly filed and pending motion within a reasonable time.  *See In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding).