

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00189-CR

_____

IN RE:   RANDY HENDERSON

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Randy Henderson, currently incarcerated in the Texas Department of Criminal Justice Correctional Institutions Division, has filed a pro se petition for a writ of mandamus requesting this Court to order the Honorable Leon Pesek, Jr., the presiding judge of the 202nd Judicial District Court of Bowie County, to act on his motion for post-conviction forensic deoxyribonucleic acid (DNA) testing. *See* TEX. CODE CRIM. PROC. ANN. arts. 64.01–.05 (West 2006 & Supp. 2012). Henderson claims he has filed two motions, one September 12, 2012, and one May 28, 2012. In the motions, Henderson claims he is innocent and contends testing was not performed at trial because his retained counsel died and appointed counsel failed to render effective assistance of counsel by requesting the DNA testing. The trial court, according to Henderson, has failed to take any action on the motions. Henderson argues he is entitled to a hearing, to appointed counsel, and to a ruling on his motions.

To the extent Henderson complains about the trial court not ruling on a motion allegedly filed in September 2012, Henderson has failed to provide a sufficient record. *See* TEX. R. APP. P. 52.3(k). While Henderson's petition does contain an appendix, the appendix does not include "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." *See* TEX. R. APP. P. 52.3(k)(1)(A). We deny Henderson's complaints about the September 12, 2012, motion for forensic DNA testing because we have been provided an insufficient record.

Henderson, though, has provided this Court with a file-stamped copy of a motion for forensic DNA testing filed May 28, 2013, and a request to docket the motion satisfying the

presentment requirement.[1] Thus, we have been provided a sufficient record concerning the second motion.

To be entitled to mandamus relief in a criminal matter, the relator must establish that (1) the act sought to be compelled is ministerial and (2) there is no adequate remedy at law. *Dickens v. Court of Appeals for Second Supreme Judicial Dist. of Tex.*, 727 S.W.2d 542, 548 (Tex. Crim. App. 1987) (orig. proceeding).

A motion for forensic DNA testing must be accompanied by "an affidavit, sworn to by the convicted person, containing statements of fact in support of the motion." *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(a-1). Although this motion does not contain the required affidavit, the motion does contain a verification where Henderson swears, "under penalty of perjury," that the facts contained in the motion are "true and correct." Texas courts have held that similar verifications are sufficient to satisfy the affidavit requirement. *See, e.g.*, *In re Fain*, 83 S.W.3d 885, 889 n.4 (Tex. App.—Austin 2002, no pet.); *In re Reed*, No. 06-06-00119-CV, 2006 Tex. App. LEXIS 10720 (Tex. App.—Texarkana Dec. 15, 2006, orig. proceeding) (not designated for publication) (noting inmate did not attach affidavit or affirm that all factual allegations in his motion were true). Thus, we will treat Henderson's motion verified by an inmate declaration under penalty of perjury as the equivalent of a supporting affidavit.

The trial court did not have a ministerial duty to appoint Henderson counsel on the filing of the motion. The Texas Code of Criminal Procedure does not require appointment of counsel

---

[1]Merely filing a motion with the district court is not sufficient; the motion must be presented to the trial court with a request for a ruling. *In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding).

for all motions for DNA testing. Article 64.01(c) requires the appointment of counsel only when reasonable grounds exist. TEX. CODE CRIM. PROC. ANN. art. 64.01(c); *see Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010); *In re Ludwig*, 162 S.W.3d 454 (Tex. App.—Waco 2005, orig. proceeding).

"Nothing in Article 64.03 requires a hearing of any sort concerning the trial court's determination of whether a defendant is entitled to DNA testing." *Rivera v. State*, 89 S.W.3d 55, 58–59 (Tex. Crim. App. 2002). Such a determination may be based solely on affidavits. *See id.* The trial court does not have a ministerial duty to hold a hearing.

The trial court, though, does have a ministerial duty to rule on the motion within a reasonable time. *See In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding). After the expiration of the State's sixty-day response period,[2] the trial court may proceed "regardless of whether the attorney representing the state submitted a response under that subsection." TEX. CODE CRIM. PROC. ANN. 64.02(b). "While we have jurisdiction to direct the trial court to make a decision, we may not tell the court what that decision should be." *Id*.

At this time, though, there has yet to be an unreasonable delay. The State's sixty-day response period did not expire until July 29, 2013. While the failure to rule for over a year

---

[2]When a trial court receives a motion for forensic DNA testing, it is required to provide the State with a copy and must order the State to, within sixty days, deliver the evidence or explain in writing why it cannot do so. TEX. CODE CRIM. PROC. ANN. art. 64.02(a)(2); *Baranowski v. State*, 176 S.W.3d 671, 675 (Tex. App.—Texarkana 2005, pet. ref'd).

would be an unreasonable delay,[3] a one-month delay is not sufficient to constitute an unreasonable delay. *See In re Villarreal*, 96 S.W.3d 708, 711 (Tex. App.—Amarillo 2003, orig. proceeding) (under facts presented, five-month delay not unreasonable). Mandamus relief might be available in the future if the trial court's inaction continues.[4]

The petition also does not certify that a copy of the petition was served on the respondent, the Honorable Leon Pesek, Jr., or the real party, the Bowie County District Attorney's Office. *See* TEX. R. APP. P. 9.5.

Henderson's petition for writ of mandamus is denied.

Josh R. Morriss, III
Chief Justice

Date Submitted:      September 16, 2013
Date Decided:        September 17, 2013

Do Not Publish

---

[3]As noted above, Henderson has failed to provide us with a sufficient record to rule on his complaints concerning the September 12, 2012, motion for DNA testing. We are only addressing Henderson's claims concerning the May 28, 2013, motion for DNA testing.

[4]This opinion should not be interpreted as concluding that a future motion from Henderson should be granted. A trial court is "never required" to grant a convicted person's request for DNA testing absent a showing, by a preponderance of the evidence, that the requirements of Article 64.03 have been met. *Dinkins v. State*, 84 S.W.3d 639, 643 (Tex. Crim. App. 2002).