

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-14-00113-CR

_____


IN RE:  JAMIE LEE BLEDSOE



_____


Original Mandamus Proceeding

_____



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Jamie Lee Bledsoe, currently a criminal defendant in Harrison County District Court, cause number 12-0374X, and currently represented by appointed counsel in that proceeding, has asked us, by petition for writ of mandamus, to order the trial court to produce various documents for Bledsoe's inspection. We deny relief.

Bledsoe seeks several documents from the trial court, all relating to a search warrant. Bledsoe wants the warrant, the supporting affidavit, the officer's return, a consent form, and an affidavit related to the chain of custody.

We have been advised by the Harrison County District Clerk that Bledsoe is represented by appointed counsel. A defendant has no right to hybrid representation. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). That alone is a basis on which to deny relief. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007) (no right to hybrid representation); *In re King*, 06-07-00121-CV, 2007 Tex. App. LEXIS 8128, **3–4 (Tex. App.—Texarkana Oct. 12, 2007, orig. proceeding) (mem. op.) (denying mandamus relief *inter alia* where petitioner was represented by counsel) *Gray v. Shipley*, 877 S.W.2d 806 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding) (denying mandamus where petitioner represented by counsel).

To be entitled to mandamus relief in a criminal case, a relator must show the lack of an adequate remedy at law to redress the alleged harm and that the act to be compelled is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth*

*Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

Attached to Bledsoe's handwritten petition are various documents. Several of the attached documents appear to be the ones he seeks by this mandamus proceeding: two affidavits for search warrants, two officer's returns, and the search warrant. It thus appears Bledsoe has already received much of what he wants. To the extent there are still documents Bledsoe has not received, there is no showing that he has tried and failed to get them and no showing that the trial court is somehow derelict in a duty to see that he receives them.[1]

We also observe that the first page of Bledsoe's attached motion for discovery was filed May 13, 2014, and requests a chain of custody affidavit. There is no indication whether that motion has been called to the attention of the trial court, set for hearing, or ruled on in any fashion.

Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). However, the moving party must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Grulkey*, No. 14-10-00450-CV, 2010 Tex. App. LEXIS 4118, at *2 (Tex. App.—Houston [14th Dist.] May 28, 2010, orig. proceeding) (mem. op.) (per curiam) (citing *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding)); *see also In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding)

---

[1]We reached the same conclusion a year ago when Bledsoe applied for pretrial habeas corpus. *See In re Bledsoe*, 06-13-00133-CR, 2013 Tex. App. LEXIS 8261 (Tex. App.—Texarkana July 9, 2013, orig. proceeding) (mem. op., not designated for publication).

3

("Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling."). A trial court has a ministerial duty to consider and rule on a properly filed and pending motion within a reasonable time. *See In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding). In general, we have mandamus jurisdiction to direct the trial court to make a decision, but we may not tell the trial court what that decision should be. *Blakeney*, 254 S.W.3d at 661. Any such mandamus relief, however, must be predicated on an adequate showing that a request for a ruling has been properly and adequately presented to the trial court and that the court has declined to rule. *Id.* No such showing appears in the limited record before us.

We deny Bledsoe's petition for writ of mandamus.

Josh R. Morriss, III
Chief Justice

Date Submitted:     July 22, 2014
Date Decided:       July 23, 2014

Do Not Publish