

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00042-CR

IN RE JOHNIFER RAY MUMPHREY

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

Johnifer Ray Mumphrey has filed a pro se petition for a writ of mandamus asking this Court to compel Judge Alfonso Charles of the 124th Judicial District Court of Gregg County, Texas, to appoint Mumphrey counsel because he "is indigent and wishes to submit a motion" for forensic DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. We deny Mumphrey's petition for three reasons, including that he has failed to comply with the Texas Rules of Appellate Procedure.

First, under the appellate rules governing mandamus proceedings, "[t]he person filing the petition must certify that he . . . has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). The mandamus petition failed to contain a certification that each of Mumphrey's factual statements was supported by competent evidence included in the appendix or record, as required by Rule 52.3(j).

Second, Mumphrey claims that he has mailed several letters to the trial court seeking appointment of counsel but has received no response. Although he attaches copies of the letters allegedly sent to the trial court, Rule 52.7(a)(1) states that a relator must file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief *and that was filed in any underlying proceeding*." TEX. R. APP. P. 52.7(a)(1) (emphasis added). Also, Rule 52.3(k)(1)(A) states, "The appendix must contain . . . a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P.

52.3(k)(1)(A). The documents attached to Mumphrey's petition do not appear to have been filed in the underlying proceeding and are neither certified nor sworn.

Third, Mumphrey has the burden to properly request and show his entitlement to mandamus relief. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). To do so, he must show that "he has no adequate remedy at law to redress his alleged harm" and "that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision." *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). "[C]onsideration of a motion that is properly filed and before the court is [a] ministerial" act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding); *see In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding). However, before mandamus may issue, the relator must show that the trial court had a legal duty to perform a ministerial act, was asked to do so, and failed or refused to act. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). The mere filing of a motion does not impose a ministerial duty on the trial court to appoint counsel. *See Ex parte Gutierrez*, 337 S.W.3d 883, 889 (Tex. Crim. App. 2011) ("An indigent convicted person intending to file a motion for post-conviction DNA testing now has a *limited* right to appointed counsel." (Emphasis added)). Here, though, Mumphrey has not shown that his motion was properly presented to the trial court. *See In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding). As a result, because nothing shows that the trial court

has seen Mumphrey's requests, Mumphrey has failed to demonstrate that the trial court had a legal duty to perform a ministerial act.

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record." *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding) (alteration in original) (quoting *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.). For the foregoing reasons, we conclude that Mumphrey has failed to comply with the Texas Rules of Appellate Procedure and has not met his burden to provide a record sufficient to show himself entitled to mandamus relief.

We deny Mumphrey's petition for a writ of mandamus.


Jeff Rambin
Justice

Date Submitted:    March 6, 2023
Date Decided:      March 7, 2023

Do Not Publish